Larry J. Lichtenegger, Esq. [SBN 048206]
Vincent C. Catania, Esq. [SBN 196176]
Attorneys At Law
3850 Rio Road, #58
Carmel, CA 93923
Telephone: (831) 626-2801
Facsimile: (831) 620-1566

Attorneys for Plaintiffs Melinda Moore, et. al.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NOTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No. 08-52709-MM |
| Cedar Funding, Inc., | Chapter 11 |
| Debtor | Adversary No. 08-_____ |
| Melinda Moore, Garden of Memories Memorial Park, James R. Thorsen, and Douglas N. Forzani, on behalf of themselves and others commonly situated, | **COMPLAINT TO DECLARE VOID A SUBORDINATION AGREEMENT EXECUTED BY DEBTOR IN FAVOR OF DEFENDANTS** |
| Plaintiffs, | |
| v. | |
| Capital Alliance Advisors, Inc., Loancare, an entity of unknown origin, Mortgage Electronic Registration Systems, Inc., Capital Alliance Institutional Mortgage Fund, LLC, formerly known as Calliance Realty Fund, LLC, and Dennis R. Konczal, | |
| Defendants. | |

Plaintiffs, Melinda Moore, Garden of Memories Memorial Park, James R. Thorsen, and Douglas N. Forzani, on behalf of themselves and other commonly situated, allege:

**GENERAL ALLEGATIONS**

1. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. section 1334 and 157(b) (2) (I) and Local Rule 700-2.

2. Venue in this Court is proper pursuant to 28 U.S.C. 1409 because this adversary proceeding is being brought in connection with defendant /debtor Cedar Funding Inc.'s

bankruptcy case under Chapter 11 of title 11 of the United States Code, Case Number 08-52709 MM now pending in the United States Bankruptcy Court for the Northern District of California, San Jose Division.

3. This is a core proceeding to declare a Subordination Agreement executed by Debtor void.

4. Plaintiffs are fractionalized investors in Cedar Funding, Inc. Loan #5224 (herein alternatively the "Mercy Springs Loan" and/or "Mercy Springs Note"), made to Mercy Springs Road, Inc. (hereafter "Mercy Springs"), in the original amount of $6,500,000, secured by a Deed of Trust dated April 24, 2006, recorded on May 12, 2006 as document #2006-03412 in the Records of the Merced County Recorder (herein the "Mercy Springs Deed of Trust). The secured property is located on Mercy Springs Road in Los Banos, California, designated as Merced County APN 082-240-014 (hereafter "the Mercy Springs Property"), and is currently owned by Mercy Springs Road, Inc.

5. Defendant Capital Alliance Advisors, Inc. ("CAA") and Defendant Loancare are the duly authorized and acting servicing agent on behalf of a certain loan (hereafter "the Calliance Loan") currently held by Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Defendant Capital Alliance Institutional Mortgage Fund, LLC, formerly known as Calliance Realty Fund, LLC (hereafter "Calliance"). All of the above Defendants have their principal place of business at 100 Pine Street, Suite 2450, San Francisco, CA 94111.

6. Defendant Dennis R. Konczal is the President and CEO of Defendant Capital Alliance Advisors, Inc, which is the managing agent of Defendant Calliance.

7. On or about April 24, 2006, Mercy Springs executed the Note and Deed of Trust in favor of Debtor Cedar Funding, Inc. for $6,500,000, Cedar Funding Loan #5224 described in paragraph 3 above. Following the execution of the Note, Debtor sold interests in the Note to plaintiffs, and others, as follows:

```
CEDAR FUNDING MORT FUND LLC      4,959,000.00
PIERRE VERCAMMEN                    95,000.00
GARDEN OF MEMORIES MEM. PARK       166,000.00
JAMES R. THORSEN                   180,000.00
DOUGLAS N. FORZANI                 100,000.00
```

COMPLAINT FOR DECLARATORY RELIEF
-2-

| | |
|---|---|
| MELINDA MOORE | 100,000.00 |
| ESIN VOSKAY | 500,000.00 |
| DOUGLAS FORZANI | 150,000.00 |
| NELS W. INGRAM | 250,000.00 |

8. On or about August 29, 2006, Mercy Springs executed a Note and Deed of Trust in the face amount of $2 million for the benefit of Calliance Realty Fund, LLC, as Payee and Beneficiary respectively thereof, recorded September 7, 2006 in the County Recorder of Merced County as Document Number 2007-062300.

9. On or about September 5, 2006, Debtor executed a Subordination Agreement in the amount of $2 million in favor of Calliance Realty Fund, LLC (Lender), signed by David A. Nilsen in his status as President of Debtor, as Beneficiary, and recorded September 7, 2006, as Document Number 2006-062502 in the Official Records of the County of Merced.

10. On or about September 25, 2006, Calliance executed an Assignment of Deed of Trust of its interest in the Calliance Loan to Defendant Mortgage Electronic Registry Service, Inc. (hereafter "MERS"), recorded on October 11, 2006, as Document #2006-069977 in the Official Records of the County of Merced, California. Plaintiffs are informed and believe that at the time of the assignment, MERS paid no consideration for the assignment.

11. On or about September 28, 2006, Calliance made an additional advance to Mercy Springs under its deed of trust in the amount of $1 Million. Notice of the Advance was recorded in the Official Records of the County of Merced on October 11, 2006 as Document Number 2006-070003.

12. On or about November 27, 2007, Calliance made an additional advance to Mercy Springs under its deed of trust in the amount of $209,100. Notice of the Advance was recorded in the Official Records of the County of Merced on April 1, 2008 as Document Number 2008-017345.

13. On or about May 14, 2008, Debtor executed an Endorsement of the Note and Assignment of Deed of Trust for the benefit of plaintiffs and the other investors described in paragraph 7 above, recorded on June 9, 2008, as Document #2008-030807 in the Official Records of the County of Merced, California.

# CLAIM FOR RELIEF

## [For Declaratory Relief]

14. Plaintiffs reallege and incorporate herein by reference paragraphs 1 though 13 above, inclusive, as though fully set forth herein.

15. Plaintiffs are informed and believe based on information taken from its website, that:

> "Capital Alliance Advisors, Inc. and its affiliates are real estate asset managers with offices in San Francisco and Irvine, California. [They] provide investors and investment professionals' access to equity and debt-related real estate investments. In addition, [they] enable borrowers or brokers access to an array of residential Loan Products with special expertise in providing bridge or mezzanine financing. Capital Alliance manages the Capital Alliance Funds, two privately-held limited liability companies which hold residential and commercial loans in its portfolio until maturity and makes direct equity investments in real property. Capital Alliance is licensed by the California Department of Real Estate as a real estate broker, license number 01157777, and by the Department of Corporations, Consumer Finance License number 6053456."

And further from the website:

> "Capital Alliance offers investors superior fixed-income yields through investment funds and individual trust deeds secured by residential and commercial real estate loans. Capital Alliance manages two separate income funds and also offers individual trust deeds. The Capital Alliance Institutional Mortgage Fund, LLC, and the Calliance Realty Fund, LLC - Advisors Mortgage Division (the "Funds") hold a high-yielding portfolio of mortgage loans secured by residential [Their] individual trust deeds have the same attributes as those in the Funds, but are offered up to ten investors for each trust deed. Loans for the Funds are originated or purchased with equity funds provided by nearly 500 Accredited Investors to date, coupled with funds from institutions such as Franklin Bank and Gateway Bank."

16. Plaintiffs allege that Defendants are experts and professionals in the area of marketing fractionalized interests in notes and deeds of trust, and are intimately familiar with how the operations of Debtor should have been conducted.

17. Plaintiffs are informed and believe that David A. Nilsen, the President and CEO of Debtor at the time of the aforesaid transaction, and Defendant Dennis R. Konczel are and were friends and business associates, are extremely familiar with the operations of each of their businesses as they operate(d) their business in the same marketplace, and have engaged in numerous financial transactions, including other subordination agreements, sales of notes, loan participation agreements and other joint investment enterprises.

18. Plaintiffs allege that as a consequence of this shared knowledge, Defendant

Konczel, and therefore all Defendants, were aware at the time the Subordination Agreement was executed that the Mercy Springs Note was a fractionalized Note, that the equitable interests in the Note were held by fractionalized investors such as Plaintiffs, and that all that Debtor held was the bare legal title in trust for the Plaintiffs and other investors.

19. Defendants were willfully blind to the adverse claims of Plaintiffs.

20. When Defendants requested and obtained the Subordination Agreement from Debtor, Defendants had sufficient information to know that the plaintiffs and the other investors interests in the Mercy Springs Note and Deed of Trust would be adversely affected by its subordination, and that therefore the consent of the investors in the Note, including Plaintiffs, should have been obtained in writing.

21. Defendants deliberately avoided seeking information about the consent of Plaintiffs in order to claim they had no knowledge of their existence or lack of consent. As a result of such deliberate avoidance, Defendants are imputed with knowledge of their existence and that Plaintiffs' interests would be adversely affected by the execution of the Subordination Agreement.

22. Plaintiffs never consented to the execution of the Subordination Agreement.

23. Plaintiffs seek a judicial determination of the claims of each of the parties. Defendants contend that they were "bona fide purchasers for value", had no knowledge of that the claims of Plaintiffs were being adversely effected by the execution of the Subordination Agreement and that their first security position in the property should be maintained. Plaintiffs contend, however, that as a result of the foregoing, that Defendants are not "bona fide purchasers for value" of the Subordination Agreement obtained by them from Debtor, and the same is void as against them, resulting in the Calliance Deed of Trust being subordinate and junior to the claims of the Plaintiffs and the other fractionalized investors in the Mercy Springs Deed of Trust.

WHEREFORE, Plaintiffs pray as follows:

1. For a Declaration that the Subordination Agreement was taken by Defendants with notice of Plaintiffs' adverse claims to its execution;

2. For a Declaration that Defendants were not bona fide beneficiaries of the

-5-

COMPLAINT FOR DECLARATORY RELIEF

1. Subordination Agreement;

2. 3. For a Declaration that the claims of Plaintiffs under the Mercy Springs Note and Deed of Trust are senior to and superior to the claims of Defendants in the Calliance Note and Deed of Trust, and Judgment thereon;

4. For reasonable costs as allowed under applicable law; and

5. For such other and further relief as the Court deems just and proper.

November 4, 2008

                                                                 _/s/_____
                                                                  Larry J. Lichtenegger
                                                                  Attorney for Plaintiffs

                                                                 _/s/_____
                                                                  Vincent C. Catania
                                                                 Attorney for Plaintiffs