FRIEDMAN DUMAS & SPRINGWATER LLP
CECILY A. DUMAS (S.B. NO. 111449)
STEFANIE ELKINS (S.B. NO. 249839)
150 Spear Street, Suite 1600
San Francisco, CA 94105
Telephone Number: (415) 834-3800
Facsimile Number: (415) 834-1044

Attorneys for Plaintiff in Intervention R. Todd Neilson,
Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>CEDAR FUNDING, INC.,<br><br>Debtor. | Chapter 11 Case No. 08-52709 MM<br>(Consolidated with Case No. 08-53670 MM)<br><br>Chapter 11 |
| MELINDA MOORE, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CAPITAL ALLIANCE ADVISORS, INC., et al.,<br><br>Defendants. | A.P. No. 08-05309-MM<br><br>**OPPOSITION OF PLAINTIFF-IN-INTERVENTION R. TODD NEILSON TO MOTION FOR ATTORNEYS' FEES OF DEFENDANT CAPITAL ALLIANCE INSTITUTIONAL MORTGAGE FUND, LLC**<br><br>Date: February 25, 2010<br>Time: 1:00 p.m.<br>Place: Courtroom 3070<br>      280 South First Street<br>      San Jose, California 95113<br>Judge: Hon. Marilyn Morgan |

Plaintiff-in-intervention R. Todd Neilson, the duly-appointed chapter 11 trustee ("Trustee") of the debtor Cedar Funding, Inc. ("Cedar Funding" or "Debtor") hereby submits his memorandum in opposition to the Motion for Attorneys' Fees ("Motion") filed by defendant Capital Alliance Institutional Mortgage Fund, LLC f/k/a Calliance Realty Fund ("Defendant").

# I. INTRODUCTION

Defendant seeks to recover attorney's fees under California law that provides for a prevailing party to recover attorneys' fees as "costs" when authorized either by (1) contract, or (2) statute. Code of Civil Procedure § 1033.5(a)(10). Defendant's reliance under either basis is misplaced.

First, Plaintiffs initiated this action to challenge the validity of a subordination agreement that does not contain a provision authorizing attorneys' fees. Second, the Defendant attempts to recover under the statutory scheme governing *lis pendens* that allows a prevailing party to be awarded attorney's fees on a motion to expunge *unless the other party acted with substantial justification*. This case is exactly the type of action contemplated by the *lis pendens* statute that affects title to or right to possession of specific real property. Plaintiffs acted with substantial justification in recording the *lis pendens* because they sought to preserve their interest and put any subsequent purchaser of the property on constructive notice. No basis for an award of attorneys' fees exists.

# II. STATEMENT OF FACTS

Plaintiffs, Melinda Moore *et al.*, ("Plaintiffs") filed their complaint commencing this Action on November 4, 2008 to declare void a subordination agreement between the Debtor and Defendant. The Trustee sought leave to intervene, and the Court issued an order allowing the Trustee to intervene as a party plaintiff on January 20, 2009.

Plaintiffs are fractionalized investors in a $6.5 million loan originated by the Debtor in April 2006, but the Debtor did not assign those interests to them or record the assignments until shortly before filing its bankruptcy petition. The Debtor's loan was secured by a deed of trust recorded on certain real property located in Los Banos, California, commonly known as Mercy Springs ("Mercy Springs Deed of Trust").

In August 2006, Defendant extended a new $2 million loan against the property secured by a deed of trust ("Calliance Deed of Trust"). Debtor and Defendant entered into a subordination agreement on or about September 5, 2006, providing that Defendant's new loan would be senior in priority to the Debtor's loan (the "Subordination

{00492746.DOC v 1}  Case: 08-05309    Doc# 63    Filed: 02/11/10    Entered: 02/11/10 16:32:43    Page 2 of 6

Agreement"). The Plaintiffs claim that they had no knowledge of the alleged Subordination Agreement, did not consent to it, and are not bound by it. The Subordination Agreement does not contain a provision for attorneys' fees.

On June 19, 2009 the Defendant filed a Motion to Expunge *Lis Pendens* on the grounds that the *lis pendens* was both procedurally and substantively deficient. Plaintiffs cured the procedural defects by recording a new *lis pendens* on July 16, 2009 and serving notice thereof on June 20, 2009. The Trustee filed an opposition addressing Defendant's substantive argument that complaint did not contain a cause of action which would, if meritorious, affect title or possession of specific real property as required by the statute. The Court denied the Defendant's motion on August 21, 2009 finding the action involved a "real property claim" within the meaning of California Code of Civil Procedure § 405.5.

On October 15, 2009 Defendant filed its Motion for Summary Judgment and for Expungement of the *Lis Pendens.* On December 9, 2009 this Court granted Defendant's Summary Judgment Motion.

### III. LEGAL ARGUMENT

California law allows a prevailing party to recover attorneys' fees as "costs" when authorized either by (1) a valid contract, or (2) a statute. Code of Civil Procedure §1033.5(a)(10). Defendant can not recover under either basis.

**A.  The Relevant Contract is the Subordination Agreement.**

Under California law, attorneys' fees are allowable as costs to a prevailing party if the parties to an underlying contract have provided for an award of attorneys' fees. Cal. Civ. Proc. Doce §1033.5(a)(10)(A). The underlying contract here is the Subordination Agreement. Defendant's attempt to characterize the cause of action as one based on the Calliance and Mercy Springs Deeds of Trust is a red herring. The validity and enforceability of the respective Deeds of Trust was never challenged in this proceeding. Plaintiffs initiated this action to challenge the validity of and resulting priority created by the Subordination Agreement, claiming the Defendant had notice of their adverse claims when entering into the agreement. In the absence of the Subordination Agreement, priority of the liens would be

determined by the basic rule of first-in-time, the lien of the Debtor would not have been eliminated through the trustee's sale conducted by Defendant in 2008, and . Plaintiffs would not have brought this law suit.

### B. The Subordination Agreement Does not Contain an Attorneys' Fee Provision.

The Subordination Agreement does not contain a provision for attorneys' fees. Defendant can not recover attorneys' fees from the Trustee or Plaintiffs under applicable California law on a contractual basis without the underlying contract providing for an award of attorneys' fees. Cal. Civ. Proc. §1033.5(a)(10)(A). This is why, despite the fact that Plaintiffs filed their complaint to declare void the Subordination Agreement, which was the sole reason for Defendant's lien being senior and superior to that of the Debtor, the Defendant fails to discuss the Subordination Agreement except once in its motion. Defendant does not have a contractual basis to recover attorneys' fees.

### C. Defendant is Not Entitled to Attorney's Fees Under the Deeds of Trust.

Even if the Calliance and Mercy Springs Deeds of Trust could be considered underlying contracts to this litigation, the Defendant still can not recover under a contractual theory. A party to litigation involving a contract with an attorney fee provision is not liable for fees if that party was not a party to the contract. *Super 7 Motel Associates v. Wang,* 16 Cal. App. 4th 541 (4th Dist. 1993); *Alhambra Redevelopment Agency v. Transamerica Financial Services,* 212 Cal. App. 3d 1370 (2nd Dist. 1989); *Clar v. Cacciola,* 193 Cal. App. 3d 1032 (1st Dist. 1987). The only contract in which both the Debtor and Defendant are parties is the Subordination Agreement, which does not contain an attorney's fee provision. The Plaintiffs were not parties to any of the contracts.

Defendant relies on *Lewis v. Alpha Beta Co.* 141 Cal. App. 3d 29 (1983), to illustrate how a party not subject to a contract may recover attorneys' fees through California's reciprocity statute, if the other party to the litigation was a party to the contract and could have recovered fees if he or she prevailed. This case is easily distinguished from the case at hand. In *Lewis* one shopping mall tenant sued another tenant and the landlord to enforce a restrictive covenant assumed by both leases for the benefit of the cotenants. Each

lease specifically provided for attorneys' fees. The landlord filed a cross-complaint against the defendant. The court awarded the landlord an injunction and awarded the plaintiff attorneys' fees finding that the award avoided an "unnecessary circularity." *Id.* at 34.

The circularity presented in *Lewis* is not present here. The Mercy Springs Deed of Trust is between the Debtor and the Borrower, the Calliance Deed of Trust is between the Borrower and Defendant, the Subordination Agreement is between the Debtor and Defendant, and the lawsuit was initiated by investors who were not parties to any of the above contracts. Moreover, the Trustee believes the situation would be more analogous to that in *Clar v. Cacciola,* 193 Cal. App. 3d 1032 (1st Dist. 1987), where the plaintiff was a junior lien holder who initiated an action to have the senior lien holder's deed of trust declared invalid. Priority in this instance was determined by the actual recordation of the deeds of trust under the basic rule of first in time. The court denying an award of attorneys' fees and refusing to apply the reciprocity attorneys' fee provision of § 1717 stated: "The key fact in this case is that the attorney fees provisions were contained in two separate sets of notes and deeds of trust on the subject property, and that there was a total lack of privity…" *Clar v. Cacciola, supra*, 193 Cal. App. 3d at 1038. Similarly, there are two separate notes and deeds of trust in this case and a total lack of privity between the parties.

Defendant can not prevail under a contractual theory whether the underlying contract is characterized as the Subordination Agreement or as both the Subordination Agreement and the Calliance and Mercy Springs Deeds of Trust.

**D. Defendant Is Not Entitled to Attorneys' Fees And Costs Under the *Lis Pendens* Statute.**

In order to preclude an award of attorney's fees under the *lis pendens* statute, a party must only demonstrate that it had substantial justification for filing the *lis pendens*, or that the imposition of fees would otherwise be unjust. *Keystone Land and Development Co. v. Xerox Corp.,* 353 F.3d 1070, 1075 (9th Cir. 2003); Cal. Civ. Proc. Code § 405.38. The Trustee believes the Plaintiffs acted with substantial justification in recording their *lis pendens*. This case is exactly the type of action contemplated by the *lis pendens* statute—one that affects title to or right to possession of specific real property. Plaintiffs acted with

substantial justification in recording the *lis pendens* because they sought to preserve their interest and put any subsequent purchaser of the property on constructive notice. This is not a case that exemplifies the stated legislative purpose of the mandatory attorney fees provision -- to control the misuse of the *lis pendens* procedure. *Castro v. Superior Court of Los Angeles County,* 116 Cal. App. 4th 1010, 1022 (2004).

In fact, Defendant's first motion to expunge *lis pendens* filed on July 19, 2009 was denied on August 21, 2009, and likewise any fees specifically associated with bringing that motion should be denied.

### IV. CONCLUSION

Based upon the foregoing memorandum, the Trustee believes that Defendant can not prevail under either a contractual or statutory basis to recover attorneys' fees. The underlying contract, the Subordination Agreement, does not have an attorneys' fee provision. Moreover, there is no privity between the parties as to the respective deeds of trust. Plaintiffs acted with substantial justification in recording their *lis pendens*, and none of the policy concerns justifying an award are present in this case. Thus, the Trustee believes that the Defendant's motion for attorneys' fees should be denied.

Dated: February 11, 2010       Respectfully submitted,

FRIEDMAN DUMAS & SPRINGWATER LLP

By: */s/ Stefanie A. Elkins*
    Stefanie A. Elkins
    Attorneys for Plaintiff in Intervention R. Todd Neilson, Chapter 11 Trustee